UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIM. NO. 3:13-CR-226(RNC) |
| ) | |
| DANIEL E. CARPENTER, et al. ) | |
| ) | SEPTEMBER 15, 2014 |
| Defendants ) | |

**DEFENDANT CARPENTER'S
MOTION TO SUPPRESS
EVIDENCE/DOCUMENTS SEIZED
FROM THE RAID OF MAY 26, 2011**

The defendant, Daniel E. Carpenter, in the above captioned matter moves this Court to suppress all evidence obtained from a governmental agency search of the offices located at 100 Grist Mill Road, Simsbury, CT and 300 First Stamford Place, #201, Stamford, CT on May 26, 2011, including the property of Mr. Carpenter, and exclude their use at any trial involving Mr. Carpenter for the reasons that follow:

1. On or about May 26, 2011, various and numerous federal agents, including those from the U.S. Department of Labor, Office of Inspector General, DOL-OIG, raided the premises of 300 First Stamford Place, #201, Stamford, CT, which included the business offices of Benistar Administrative Services, Inc., BASI, as well as the premises of 100 Grist Mill Road, Simsbury, Connecticut, home of BASI, Charter Oak Trust,

1

Charter Oak Trust 2009, Grist Mill Capital, LLC., Avon Capital, LLC, Nova Group, Inc. and other associated businesses.

2. During the course of each search which lasted several hours, various individuals and employees of the different businesses, including Mr. Carpenter, were detained for various time periods before they were permitted to leave.

3. During the several hours at the location, the Government randomly and without limits, searched and seized numerous hard copy records located about the premises, including the personal financial, tax and insurance records belonging to Mr. Carpenter, which were clearly outside the scope of the search warrant, turning a so-called limited search for particular information into a general search and seizure of almost every document available.

4. During the lengthy search, without any regard to the scope of the search warrant or the subject matter referred to in the search warrant affidavit, law enforcement agents of DOL-OIG conducted a blanket seizure of all electronically stored information contained in all the computers on the site.

5. Since the wholesale seizure over <u>three</u> years ago, the Government has continued with its indefinite retention of electronically stored information as well as much of the paperwork and business/personal records, including those of Mr. Carpenter, including those not authorized for being seized by the search warrant.

6. Additionally, the search warrant, itself, was void of probable cause to seize the documents, electronic or otherwise, taken from the subject premises; it was overly broad

and failed to give law enforcement lawful guidance concerning the items to be searched, turning the warrant into a general warrant.

7. The execution of the warrant was grossly improper, irrespective of the lawfulness of the search warrant, itself.

8. The three year delay in reviewing and not returning or destroying documents seized is a flagrant constitutional violation.

9. The search and seizure by DOL-OIG of items seized by the Internal Revenue Service in a separate raid in April, 2010, violated Carpenter's Fourth and Fifth Amendment rights and any documents now seized by DOL-OIG from the fruits of the 2010 seizure was done in violation of the Constitution.

10. Any and all of the above described conduct violated the defendant's Fourth Amendment right against unreasonable searches and seizures.

11. Any and all of the above described conduct violates the defendant's Fifth Amendment Due Process right.

Wherefore, as a result of the Government's misconduct and abuse of their authority in the use of a constitutionally defective search warrant, coupled with engaging in a general search of the premises, coupled with seizing of items beyond the limits of the warrant, coupled with the manner the warrant was executed, it is moved that there be a blanket suppression of all the items seized, including, electronically stored documents, and a prohibition of use of any of said seized documents, directly or indirectly against Mr. Carpenter.

Further, it is respectfully moved that this Court order the immediate return of all documents illegally, unlawfully seized by law enforcement agents in their search.

Defendant, Daniel Carpenter

By _____
Richard R. Brown, Esq.
Brown Paindiris & Scott, LLP
100 Pearl Street, 2nd Floor
Hartford, CT 06103
Tel  860.522.3343
Fax 860.522.2490
Fed. Bar  Ct00009
rbrown@bpslawyers.com

## CERTIFICATION

This is to certify that on September 15, 2014, a copy of the foregoing Motion was served by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. Also sent to the following by U.S. postal mail:

A.U.S.A. David Novick
Office of U.S. Attorney
157 Church Street, 23rd Floor
New Haven, CT 06510

Patrick Egan, Esq.
Fox Rothschild, LLP
2000 Market Street
Philadelphia, PA 19103

Richard R. Brown, Esq.
Brown Paindiris & Scott, LLP
100 Pearl Street, 2nd Floor
Hartford, CT 06103
Tel 860.522.3343
Fax 860.522.2490
Fed. Bar Ct00009