UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIM. NO. 3:13-CR-226(RNC) |
| ) | |
| DANIEL E. CARPENTER, et al. ) | |
| ) | SEPTEMBER 15, 2014 |
| Defendants ) | |

**DEFENDANT CARPENTER'S
MOTION TO SUPPRESS
EVIDENCE/DOCUMENTS SEIZED
FROM THE RAID OF APRIL 20, 2010**

The defendant, Daniel E. Carpenter, in the above captioned matter moves this Court to suppress all evidence obtained from a governmental agency search of the offices located at 100 Grist Mill Road, Simsbury, CT, including the property of Mr. Carpenter, and exclude their use at any trial involving Mr. Carpenter for the reasons that follow:

1. On or about April 20, 2010, various and numerous federal agents, including those from the Internal Revenue Service, Criminal Investigation Division, IRS-CID, raided the premises of 100 Grist Mill Road, Simsbury, Connecticut, home of Nova Benefit Plans, LLC and, according to the Search Warrant, also Benistar.

2. During the course of each search, which lasted several hours, various individuals and employees of the different businesses, including Mr. Carpenter, were detained for various time periods before they were permitted to leave.

1

3. During the several hours at the location, the Government randomly and without limits, searched and seized numerous hard copy records located about the premises, including the personal records belonging to Mr. Carpenter, which were clearly outside the scope of the search warrant, turning a so-called limited search for particular information into a general search and seizure of almost every document available. It should be noted that the list of items seized goes on <u>for 53 pages</u>, with <u>each page</u> listing 6 or 7 different items (pages on pages of documents).

4. During the lengthy search, without any regard to the scope of the search warrant or time limits or the subject matter referred to in the search warrant affidavit, law enforcement agents of the IRS-CID conducted a blanket seizure of all electronically stored information contained in all the computers on the site, with hundreds of thousands of documents, if not more, contained therein.

5. Since the wholesale seizure over <u>four</u> years ago, the Government has continued with its indefinite retention of electronically stored information as well as much of the paperwork and business/personal records, including those of Mr. Carpenter, not authorized for being seized by the search warrant.

6. Additionally, the search warrant, itself, was void of probable cause to seize the documents, electronic or otherwise, taken from the subject premises; it was obviously overly broad and failed to give law enforcement lawful guidance concerning the items to be searched, turning the warrant into a general warrant.

7. The execution of the warrant was grossly improper, irrespective of the lawfulness of the search warrant, itself, with an astounding 72 federal agents, many armed and terrifying the employees.

8. The four year delay in reviewing and not returning or destroying documents seized is a flagrant constitutional violation.

9. Any and all of the above described conduct violated the defendant's Fourth Amendment right against unreasonable searches and seizures.

10. Any and all of the above described conduct violates the defendant's Fifth Amendment Due Process right.

Wherefore, as a result of the Government's misconduct and abuse of their authority in the use of a constitutionally defective search warrant, coupled with engaging in a general search of the premises, coupled with seizing of items beyond the limits of the warrant, coupled with the manner the warrant was executed, it is moved that there be a blanket suppression of *all* the items seized, including, electronically stored documents, and a prohibition of use of any of said seized documents, directly or indirectly against Mr. Carpenter.

Further, it is respectfully moved that this Court order the immediate return of all documents illegally, unlawfully seized by law enforcement agents in their search.

Defendant, Daniel Carpenter

By _____
Richard R. Brown, Esq.
Brown Paindiris & Scott, LLP
100 Pearl Street, 2nd Floor
Hartford, CT 06103
Tel 860.522.3343
Fax 860.522.2490
Fed. Bar Ct00009
rbrown@bpslawyers.com

## CERTIFICATION

This is to certify that on September 15, 2014, a copy of the foregoing Motion was served by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. Also sent to the following by U.S. postal mail:

A.U.S.A. David Novick
Office of U.S. Attorney
157 Church Street, 23rd Floor
New Haven, CT 06510

Patrick Egan, Esq.
Fox Rothschild, LLP
2000 Market Street
Philadelphia, PA  19103

Richard R. Brown, Esq.
Brown Paindiris & Scott, LLP
100 Pearl Street, 2nd Floor
Hartford, CT 06103
Tel  860.522.3343
Fax 860.522.2490
Fed. Bar  Ct00009