**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                               ) | CRIMINAL NO. 3:13CR226(RNC) |
| ) | |
| DANIEL E. CARPENTER          ) | |
| ) | OCTOBER 14, 2015 |

## MOTION FOR RECONSIDERATION OF COURT'S 10/13/2015 ORDER SETTING TRIAL DATE, ENTERING SCHEDULING ORDER AND TOLLING SPEEDY TRIAL CLOCK

Defendant, Daniel E. Carpenter, respectfully moves this Court, pursuant to Local

Rule of Procedure 7(c), to reconsider the Court's order of October 13, 2015, setting trial

date, entering scheduling order and tolling the speedy trial clock.  In support of this

motion, the Defendant asserts the following:

1.     The Defendant, Daniel Carpenter, is charged with violations of the mail and

wire fraud statutes, 13 U.S.C. §§ 1341, 1343[1] based on allegations that Mr. Carpenter was

part of a scheme to defraud insurance providers by conspiring with others to obtain life

insurance policies on individuals' lives based upon applications that contained alleged

---

[1] The Defendant, Daniel Carpenter, is charged with 23 Counts of Wire Fraud, in Counts 1-4, 7-18, 20, 23, 26, 29-32; and nine Counts of Mail Fraud in Counts 5-6, 19, 21-22, 24-25, 27-28 in the Superseding Indictment.  Carpenter is also charged with Conspiracy to Commit Mail and Wire Fraud in Count 33 of the Superseding Indictment.

misrepresentations as to certain personal information about the Applicants (the "Applicants" or the "Insured"), relating to, among other things, the Applicant's financial information, intent to resell the policy, existence of third-party payment of premiums, the purpose of procuring the policy. The Government also has charged Mr. Carpenter with violations of the illegal monetary transfer and money fraud statutes, 18 U.S.C. §§ 1957, 1956(a)(1)(A)(i) and 2[2], premised on the alleged proceeds of the charged mail and wire fraud counts, as well as the death benefit paid out with regard to one of the Insured.

     2.     Mr. Carpenter has moved to dismiss the Superseding Indictment on numerous grounds, which motions remain pending before this court.

     3.     On October 4, 2015, the Government filed its Motion to Set Trial Date, Enter Proposed Scheduling Order and Toll Speedy Trial Clock [Doc. 144]. Therein, the Government essentially sets out the procedural history of this case, along with the relevant filings and speedy trial waivers, and argues that the voluminous discovery involved in this case, the taking of deposition testimony of witnesses in this case and the outstanding substantive motions justify an extension of the trial date.

---

[2] The Defendant, Daniel Carpenter, is charged with Conspiracy to Commit Money Laundering in Count 34, 12 Counts of Illegal Monetary Transactions in Counts 35-47, and nine Counts Money Laundering by the Promotion of Specified Unlawful Activities in Counts 48-57, all in the Superseding Indictment.

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW

100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

4.      The Government writes in its motion that "February 2016 is the earliest time that the parties could be expected to be ready given certain other unique hurdles presented by this case."

5.      18 U.S.C. Section 3161(h)(7)(A) permits a district judge, on his own motion or at the request of one of the parties, to grant a continuance of trial on the basis of contemporaneous oral or written findings that the ends of justice are better served by the continuance than by a speedy trial.  Among the factors properly considered in making such a determination is "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

6.      "Because the [Speedy Trial Act] was designed to protect a defendant's right to a speedy trial and with the public interest firmly in mind, these findings must be put on the record by the time a district court rules on a defendant's motion to dismiss under [the STA]. Zedner v. United States, 547 U.S. 489, 501 (2006).

7.      In this case, the circumstances to not justify any further extension of the trial date, nor any further tolling of the Defendant's speedy trial rights.

3

8.      While the Defendant has waived portions of time from the calculation of time under the Speedy Trial Act, it is inescapable that this case was initially instituted nearly two years ago.  Moreover, much of the delay in this case has been of the Government's making and, therefore, should not inure to the Government's benefit in further delaying this prosecution.

9.      The voluminous pages of documents that have been turned over to the Defense this year have been in the Government's possession for a number of years, and thus have been largely accessible in preparing their prima facie case against Mr. Carpenter throughout that time.  No further delay of this prosecution is warranted, in any part, for the Government to further review materials long in its possession and control.

10.     The Government has taken no affirmative action in nearly ten months of this year, 2015, to depose their witnesses under Rule of Criminal Procedure 15.  Only now, in the eleventh hour, has the Government instituted this process.  The Government should not benefit from any further delay in this prosecution which, in any part, results from its delay in pursuing witness depositions under Rule 15.

11.     Additionally, the Government has had many months, and years, to advise its prospective witnesses as to the status of this prosecution and prepare them for the rigors and timing of travel for trial.  As such, the Government should not benefit from

4

any further delay in this prosecution which, in any part, is a result of its delay in preparing its witnesses to be present and available at a trial this fall, as agreed upon in the spring of this year.

12.     The Supreme Court has essentially distilled a defendant's interest in a speedy trial to three ingredients: "to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself." United States v. Loud Hawk, 474 U.S. 302, 312 (1986).

13.     The Defendant has long suffered the anxiety and concern accompanying public accusation accustomed by this indictment over the prior two years. The continued delay of this matter largely inures to the benefit of the Government at this juncture, as the Government has lagged in preparing its case for trial, including securing its witness testimony and/or appearance. As such, Mr. Carpenter's right to a speedy trial must outweigh the interests of the Government in further delay for administrative ease in further reviewing materials, obtaining witness testimony and preparing witnesses travel to trial.

WHEREFORE, it is respectfully requested that the Court grant reconsider its Order of October 13, 2015, setting trial date, entering scheduling order and tolling the

BROWN PAINDIRIS & SCOTT, LLP – ATTORNEYS AT LAW
100 PEARL STREET – HARTFORD, CONNECTICUT 06103 – (860) 522-3343 – JURIS NO. 20767

speedy trial clock, and instead order that trial commence as soon as is practicable with the Court's current docket and trial schedule.

**Respectfully submitted,**
Defendant, Daniel Carpenter

By_____
       Richard R. Brown, Esq.
       Brown Paindiris & Scott, LLP
       100 Pearl Street, 2nd Floor
       Hartford, CT 06103
       Tel  860.522.3343
       Fax 860.522.2490
       Fed. Bar  Ct00009
       rbrown@bpslawyers.com

6

## CERTIFICATION

This is to certify that on October 14, 2015, a copy of the foregoing Motion was served by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. Also sent to the following by U.S. postal mail:

A.U.S.A. David Novick
Office of U.S. Attorney
157 Church Street, 23rd Floor
New Haven, CT 06510

Richard R. Brown, Esq.
Brown Paindiris & Scott, LLP
100 Pearl Street, 2nd Floor
Hartford, CT 06103
Tel  860.522.3343
Fax 860.522.2490
Fed. Bar  Ct00009

7