UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 3:13CR226 (RNC) |
| | : | |
| v. | : | |
| | : | |
| DANIEL CARPENTER | : | November 1, 2015 |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF COURT'S 10/13/2015 ORDER SETTING TRIAL DATE, ENTERING SCHEDULING ORDER AND TOLLING SPEEDY TRIAL CLOCK**

The Government respectfully submits this memorandum in opposition to the defendant's motion requesting the Court to reconsider its October 13, 2015 order setting the trial in this matter for February 9, 2016 and excluding the resulting delay from the speedy trial clock. The defendant does not cite any change in controlling law, he does not present any new facts or evidence, and he otherwise fails to specify any controlling decisions or data that the Court overlooked which would demonstrate clear error or manifest injustice. Accordingly, the defendant's motion should be denied.

**BACKGROUND**

The procedural history of this case is set forth in detail in the Government's original motion to set the trial date and toll the speedy trial clock. *See* Doc. 145. In short, on December 12, 2013, a federal grand jury returned a 33-count indictment charging the defendant with mail and wire fraud and conspiracy to conspiracy mail and wire fraud. On March 10, 2014, the Court granted the parties' joint motion for a continuance, set a trial date of March 10, 2015, and made findings tolling the speedy trial clock until the trial date. On May 14, 2014, a superseding indictment was returned charging the defendant with several additional counts of money laundering, illegal monetary transactions, and conspiracy to commit money laundering.

Per the Court's scheduling order, the defendant filed several motions to dismiss on August 1, 2014, and several other motions, including motions to suppress evidence, on September 15, 2014.  The motions were fully briefed by December 1, 2014 and the Court set a hearing date for December 4, 2014.

On December 3, 2014, the defendant filed another motion to continue the trial date until after September 7, 2015, principally based on the need to review discovery.  At the December 4th hearing, the Court agreed to delay trial until the fall of 2015, and the next day the defendant filed a waiver of speedy trial rights through October 31, 2015.  Since that time, the defendant has filed additional motions for the Court to consider.

On July 21, 2015, the Government moved to conduct depositions pursuant to Fed. R. Crim. P. 15 of certain elderly witnesses who would not be able to travel to Connecticut for trial.  Although he had previously told the Court he would not object to such depositions, the defendant objected on July 31, 2015.  On September 22, 2015, the Court held a conference call regarding the motion, and after hearing brief argument from both parties, the Court granted the Government's motion to conduct those depositions.

As was discussed during the call, defendant's counsel had previously told the Government that he would be unavailable to conduct the depositions until at least November.  Also during the call, the parties and the Court discussed setting a trial date.  The Government cited several reasons that some further delay was warranted, including the difficulty in arranging for travel of witnesses, including several who are elderly; discovery involving hundreds of thousands of documents that has continued into 2015; the availability of mutually convenient dates for Rule 15 depositions; and the robust motion practice in this case.  Indeed, counsel for the

defendant pointed out that it was difficult to prepare for trial with the defendant's various motions to dismiss and suppress evidence still undecided.  The Court requested that the Government suggest a trial date, and the Government proposed February 2016.  Counsel for the defendant offered no clear reasons why that date was unreasonable.  As a result, the Court requested that the Government file a motion making the request formally, which the Government did on October 4, 2015.  The Court granted the request on October 13, 2015, and set the trial date for February 9, 2016.  The Court also tolled the speedy trial clock after making appropriate findings in the order. The defendant now asks the Court to reconsider that order.

## DISCUSSION

The standard for granting a motion for reconsideration is "strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995).[1]  "[R]econsideration generally will be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id*; *see* D. Conn. L. Civ. R. 7(c)(1) (requiring movant to set "forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order").  A "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257. Thus, "[a] motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent

---

[1]  "Because no rule of criminal procedure addresses motions for reconsideration, courts typically adopt the standards applied to such motions in civil cases." *United States v. Lucarelli*, 490 F. Supp. 2d 295, 296-97 (D. Conn. 2007); *see, e.g.*, *United States v. Reyes*, No. 3:10-CR-120 (VLB), 2013 WL 1882305, at *1 (D. Conn. May 3, 2013) (noting that reconsideration motions in criminal cases are governed by the same standard applicable to the equivalent civil filing); *United States v. Marte*, No. 3:08-CR-04 (JCH), 2015 WL 851843, at *1, n.1 (D. Conn. Feb. 26, 2015) (same); *see also* D. Conn. L. Crim. R. 1(c) (providing that D. Conn. L. Civ. R. 7(c), concerning motions for reconsideration, is applicable in criminal cases).

manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted).  The defendant has not met that burden here.

Specifically, the defendant fails to identify any change in controlling law or present any new facts or evidence that it did not know before or that it could have raised either in the status call or in an opposition brief to the Government's motion.  Nor has the defendant identified any controlling decisions or facts that the Court overlooked.  Aside from citing the standard set forth in 18 U.S.C. § 3161(h)(7)(A) and the need for the Court to make findings on the record (see Def.'s Mot. ¶¶ 5-6), both of which the Government also noted in its original motion and the Court cited in its order, the defendant cites only one other case, *United States v. Loud Hawk*, 474 U.S. 302, 312 (1986), for the proposition that a defendant has an interest in a speedy trial "to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself."  Def.'s Mot. ¶ 12.

That proposition, however, does not warrant reconsideration of the trial date.  First, the defendant is currently incarcerated, not because of the indictment in this case, but because he is serving a sentence for a prior federal conviction in the District of Massachusetts.  Second, although the defendant claims he has "long suffered anxiety and concern" for the past two years due to the indictment in this case, the defendant ignores the fact that he himself moved to continue the trial and signed speedy trial waivers covering the majority of those two years.  It is only this last 4-month continuance to which he now objects.  Finally, the defendant fails to specify how this additional 4-month continuance will impair his ability to defend himself.

In addition, the defendant spends much of his motion arguing that the two-year delay in bringing this case to trial is of the Government's making and also that the Government should have sought the Rule 15 depositions earlier. These claims are without merit. As discussed, the defendant himself moved for a continuance for the majority of that two-year period and filed a number of other motions that required lengthy briefing, and his complaint at this stage rings hollow. Moreover, the Government attempted to coordinate Rule 15 depositions in July of this year with counsel for the defendant, relying on counsel's statement in December 2014 that he would not object. That the defendant changed his mind and decided to contest the depositions, combined with counsel's understandable scheduling conflicts, are the sole reasons for delay in conducting depositions. There are also a number of outstanding motions, some of which were recently filed, and the Court indicated it has not decided whether a hearing on those newer motions will be required.

The Government set out in detail in its Motion to Set Trial Date, Enter Scheduling Order, and Toll Speeding Trial Clock (Doc. 144) the detailed reasons why 18 U.S.C. § 3161(h)(7)(B)(iv) augurs here for a February 2016 trial date, and the Government incorporates those arguments by reference. In sum, considering the volume of discovery; the need for time to schedule witnesses and arrange for their travel; the particular difficultly with coordinating travel of elderly witnesses; the fact that depositions will not be taken until November and December;[2] and the myriad unresolved legal issues in this case, exacerbated by the defendant's continued filing of long-overdue substantive motions, the Government does not see how trial can commence any sooner February 2016.

---

[2] As the parties indicated in the October 28, 2015 status call, the depositions have been scheduled for November 9, 2015 in Houston, December 1, 2015 in Arizona, and December 3, 2015 in California.

## CONCLUSION

For the forgoing reasons, the Government respectfully requests that the Court deny the defendant's motion for reconsideration.

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY


/s/ *David E. Novick*
DAVID E. NOVICK
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv02874
157 Church Street, 25th Floor
New Haven, CT 06510


/s/ *Neeraj N. Patel*
NEERAJ N. PATEL
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT 06510

## CERTIFICATE OF SERVICE

  I hereby certify that on November 1, 2015, a copy of the foregoing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

              */s/ Neeraj N. Patel*
              Neeraj N. Patel
              Assistant United States Attorney