UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 3:13CR226(RNC) |
| ) | |
| DANIEL E. CARPENTER ) | |
| ) | FEBRUARY 12, 2016 |

### MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION

The Defendant, Daniel E. Carpenter, respectfully moves this Court to dismiss the superseding indictment because he has been denied a speedy trial. In support of this motion, the Defendant asserts the following:

**I.   Procedural Posture**

2013: December:
    12 –   The Defendant is indicted.
    18 –   Motion for Enlargement of Time Re: Arraignment is filed and granted, excluding time from December 18, 2013, to January 17, 2014.

2104: January:
    30 -   Motion for Enlargement of Time Re: Jury Selection is filed.

March:
    3 –   Pretrial conference is held with the Court to discuss the schedule.
    10 –   The Court grants the Defendant's Motion for Enlargement of Time, subject the filing of a Speedy Trial Waiver. The Government's Order incorporates Government's Unopposed Motion to Continue,

     Enter Proposed Scheduling Order, and Toll the Speedy Trial Clock, finds that the ends of justice are served by tolling the speedy trial clock, pursuant to 18 U.S.C. § 3161(h)(7)(A), to 3/10/2015.
11 –  Speedy Trial Waiver filed, excluding time from March 11, 2014, to March 10, 2015.

May:
14 –  The first superseding indictment is filed against the Defendant.

December:
3 -  Defendant's Motion for Enlargement of Time Re: Trial after September 10, 2015.
4 -  Hearing is held before the Court on pretrial motions. Motions taken under advisement. The Court grants the Defendant's Motion for Enlargement of Time.
9 -  Speedy Trial Wavier is filed by the Defendant, excluding time from December 9, 2014, to October 31, 2015.

2015:

October:
13 -  Court grants USA's Motion to Set Trial Date, Enter Proposed Scheduling Order and Toll Speedy Trial Clock. Trial date is set for February 9, 2016 and time from March 10, 2015, to trial date is excluded.

November:
1 -  Defendant files Motion for Reconsideration of October 13, 2015 order.

## II. Argument

### 1. The Defendant's Right to a Speedy Trial has been Violated

The Speedy Trial Act Mandates that a criminal defendant must be brought to trial with 70 days of the filing of the indictment or the Defendant's initial appearance, whichever occurs later. 18 U.S.C.S. § 3161 (c)(1). In this case, the Defendant's right to a speedy trial has been violated. While the Defendant has waived portions of time from the calculation of time under the Speedy Trial Act, it is inescapable that this case was initially instituted over two years ago. Moreover, much of the delay in this case has been of the Government's making and, therefore, the delay should not inure to the Government's benefit. The voluminous pages of documents that have been turned over to the Defense last year, and as recently as this week, have been in the Government's possession for a number of years, and thus have been largely accessible in preparing their prima facie case against Mr. Carpenter throughout that time. The delay of this prosecution has been unwarranted, and the Government continues to try to overwhelm the defense with documents that have been in the Government's possession and control for significant periods of time.

3

The Supreme Court has essentially distilled a defendant's interest in a speedy trial to three ingredients: "To prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself." United States v. Loud Hawk, 474 U.S. 302, 312 (1986).

The Defendant has long suffered the anxiety and concern accompanying public accusation accustomed by this indictment over the prior two years. The continued delay of this matter largely inures to the benefit of the Government at this juncture, as the Government has lagged in preparing its case for trial. As such, Mr. Carpenter's right to a speedy trial must outweigh the interests of the Government in prosecuting their case.

The Speedy Trial Act requires that a defendant's trial begin within 70 days of the date he was indicted or his first appearance before a judicial officer, whichever date last occurs. 18 U.S.C. Sec. 3161(c)(1). In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. Klopfer v. North Carolina, 386 U.S. 213, 222 (1967). The Second Circuit Guidelines Under the Speedy Trial Act are instructive because they focus specifically on superseding indictments. See United States v. Rojas-Contreras, 474 U.S. 231 (1985) (using the guidelines to resolve the issue of whether the act prohibits commencement of a trial less than 30 days after arraignment on a

superseding indictment). The length of an exclusion must be not only limited in time, but also reasonably related to the actual needs of the case. See United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1198 (2d Cir. 1989) ("indefinite delay" not tolerated), cert. denied, 493 U.S. 933 (1989); United States v. LoFranco, 818 F.2d 276, 277 (2d Cir.1987) (per curiam); accord United States v. Clymer, 25 F.3d 824, 828 (9th Cir.1994) (continuance under Sec. 3161(h)(8)(A) may not be open-ended).

These guidelines indicate that where the original indictment is pending when the subsequent charge is filed and the superseding indictment contains an "offense required to be joined with an originally charged offense", the offenses contained in the superseding indictment shall inherit both the 70-day time clock of the original indictment and the exclusions granted thereunder. Since the term "non-excluded time" in the Guidelines is used to describe the original speedy trial days that are carried over to a superseding indictment, the exclusions granted under the original indictment are necessarily assumed to apply to the superseding indictment. See United States v. Roman, 822 F.2d 261 (2d Cir. 1987).

"[T]o trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay...." Doggett v. United States, 505 U.S. 647, 651-52

(1992). Delays exceeding one year are generally found to be "presumptively prejudicial." Doggett, at 652 n.1. As the Supreme Court stated in Barker v. Wingo, 407 U.S. 514, 537 (1972) : "The longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial or the restrictions on his liberty."

Courts must balance the four factors to determine whether a delay violated the Sixth Amendment. (1) the "[l]ength of the delay"; (2) "the reason for the delay"; (3) "the defendant's assertion of his right"; and (4) "prejudice to the defendant." Barker, 407 U.S. at 530. A delay of one year or more crosses the threshold and triggers analysis of the remaining Barker factors, but no one factor is determinative; rather, they are related factors which must be considered together with such other circumstances as may be relevant.

In Mr. Carpenter's case, the delay has clearly violated the Sixth Amendment and caused excessive presumptive prejudice. First, the "length of delay" in this case has been longer than three years, so the first factor favors Mr. Carpenter.

Second, the "reason for the delay" has been the government dragging its feet pre-Indictment and in deposing their own witnesses, and then taking almost two full years to

produce documents to counsel for Mr. Carpenter, with new documents being submitted to this day. Therefore, the second factor favors Mr. Carpenter.

Third, Mr. Carpenter has laid out the various speedy trial violations that have occurred in this case since it began, so the third factor obviously favors Mr. Carpenter.

Fourth, and most importantly, not only has this now five-year nightmare resulted in the worst forms of prejudice against Mr. Carpenter in lost business opportunities and his physical freedom, but also by separate litigations being brought against him due to a presumption of guilt and "negative inferences." His family has also suffered through this ordeal not only by numerous lost business opportunities and banks severing ties with them, but simply through the personal pain of watching their loved one suffer while incarcerated and through relentless litigation by the government. The policy behind speedy trial rights all support a conclusion that both the negligence that the government committed and the significant length of the delay warrant dismissal of the indictment with prejudice

The Speedy Trial Act mandates that a criminal-defendant must be brought to trial within 70 days of the filing of the indictment or the or the defendant's initial appearance, whichever occurs later. That deadline has not been met in the instant matter.

WHEREFORE, it is respectfully requested that the Court grant Defendant's Motion to Dismiss for Speedy Trial Violation.

**Respectfully submitted,**
Defendant, Daniel Carpenter

By_____
Richard R. Brown, Esq.
Brown Paindiris & Scott, LLP
100 Pearl Street, 2nd Floor
Hartford, CT 06103
Tel  860.522.3343
Fax 860.522.2490
Fed. Bar  Ct00009
rbrown@bpslawyers.com

8

## **CERTIFICATION**

This is to certify that on February 12, 2016, a copy of the foregoing Motion was served by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. Also sent to the following by U.S. postal mail:

A.U.S.A. David Novick
Office of U.S. Attorney
157 Church Street, 23rd Floor
New Haven, CT 06510

_____
Richard R. Brown, Esq.
Brown Paindiris & Scott, LLP
100 Pearl Street, 2nd Floor
Hartford, CT 06103
Tel 860.522.3343
Fax 860.522.2490
Fed. Bar Ct00009