UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES            :
                         :
v.                       :    Case No. 3:13-CR-226(RNC)
                         :
DANIEL CARPENTER         :

MEMORANDUM

Prior to the start of the trial in this case, the defendant moved to dismiss the superceding indictment on the ground that his right to a speedy trial had been violated. On February 16, 2016, the Court denied the motion in a bench ruling stating that there had been no violation. The defendant requested that the Court provide a written statement of the reasons for the ruling. This memorandum responds to that request.

I. Speedy Trial Act

Under the Speedy Trial Act, the trial of a defendant must begin within seventy days of the filing of the indictment, or within seventy days of the date the defendant first appears before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). A defendant first "appears" when he is arraigned and enters a plea of not guilty. See United States v. Hammad, 902 F.2d 1062, 1064 (2d Cir. 1990); United States v. Segura, No. 3:99CR85 (EBB), 2001 WL 286851, at *2 (D. Conn. Mar. 21, 2001).

The Act provides that certain "periods of delay shall be excluded . . . in computing the time within which the trial . . . must commence." 18 U.S.C. § 3161(h). For instance, "[a]ny period of delay resulting from other proceedings concerning the

defendant" is excluded, including "delay resulting from any pretrial motion." 18 U.S.C. § 3161(h)(1)(D). Under the Act, "filing a pre-trial motion tolls the speedy trial clock until the earlier of either (1) a ruling on the motion, or (2) 30 days after the final filing or hearing necessary to decide the motion." United States v. Zerbe, 596 F. Supp. 2d 267, 270 (D. Conn. 2009). In addition, any period of delay caused by a continuance granted by the court may be excluded when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether to grant an "ends of justice" continuance, the judge must consider several factors, including "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv).

In this case, the seventy day period began to run on January 18, 2014, the day after the defendant was arraigned. On January 30, 2014, the defendant moved for a continuance. On March 3, 2014, a conference was held to discuss an appropriate schedule. After the parties conferred, the Government submitted a proposal calling for a trial in March 2015. The Court then granted the defendant's motion for a continuance and set the trial date for March 11, 2015. In doing so, the Court found that the ends of

justice outweighed the best interest of the public and the defendant in a speedy trial and excluded the time between March 10, 2014 and March 11, 2015. The defendant filed a waiver of his speedy trial rights effective until the new trial date.

The superceding indictment was returned on May 15, 2014. Over the next several months, the defendant filed a number of pretrial motions, including multiple motions to dismiss the indictment and two motions to suppress. These motions were fully briefed as of December 1, 2014.

On December 3, 2014, the defendant again moved for a continuance. The Court granted the motion and continued the trial date until October 2015 after finding that the ends of justice were best served by the continuance. The defendant filed a second waiver of his speedy trial rights effective until October 31, 2015.

At a conference on September 22, 2015, the parties discussed whether an October trial date was feasible. Because the Government still needed to conduct several out-of-state depositions, counsel suggested that the trial be postponed until February 2016. On October 4, 2015, the Government formally moved for a continuance. On October 13, 2015, the Court granted the motion, made the necessary "ends of justice" finding, and excluded the time between March 10, 2015 and February 9, 2016. The trial date was subsequently continued until February 16,

2016, and the trial began that day.

As the foregoing summary shows, only twelve days of non-excluded time elapsed prior to the start of the trial -- specifically, the time between January 18 and 30, 2014. Accordingly, there has been no violation of the Speedy Trial Act.

II. Sixth Amendment

The defendant also claims that his Sixth Amendment right to a speedy trial has been violated. See U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial."). This right attaches when an accused "is indicted, arrested, or otherwise officially accused," United States v. MacDonald, 456 U.S. 1, 6 (1982), and is intended to "prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself." United States v. Marion, 404 U.S. 307, 320 (1971) (quoting United States v. Ewell, 383 U.S. 116, 120 (1966)) (internal quotation mark omitted).

To determine whether a defendant's constitutional right to a speedy trial right has been violated, four factors must be considered: the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Barker v. Wingo, 407 U.S. 514, 530 (1972). "These factors 'must be considered together with such other

4

circumstances as may be relevant' and 'have no talismanic qualities.'" United States v. Cain, 671 F.3d 271, 296 (2d Cir. 2012) (quoting id. at 533). Review of the four Barker factors shows that defendant's right to a speedy trial has not been violated.

The first factor -- the length of the delay -- "is in effect a threshold question." Id. A defendant "cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness." Id. (quoting Doggett v. United States, 505 U.S. 647, 652 (1992)) (internal quotation mark omitted). As a general matter, a delay approaching one year may be considered "presumptively prejudicial," Doggett, 505 U.S. at 652 n. 1, in that such a delay would be sufficient to justify inquiry into the remaining Barker factors.

The pretrial phase of this case lasted approximately twenty-six months. On its face, this period of delay might seem to weigh strongly in favor of the defendant. But delays of this length have occurred in complex cases with no Sixth Amendment violation. Cain, 671 F.3d at 296 (delay of less than 22 months was "largely neutral" and "particularly understandable given the presence of multiple defendants, the large number of allegations and the complexity of the . . . case); United States v. Alvarez, 541 F. App'x 80, 84 (2d Cir. 2013) ("[G]iven the nature of th[e]

5

conspiracy prosecution, with multiple defendants, allegations spanning multiple years and states, and voluminous discovery, including thousands of intercepted phone calls (many in Spanish), the [29-month] delay here weighs only modestly in [the defendant's] favor."). So too here. The 57-count superceding indictment charges mail and wire fraud, money laundering, illegal monetary transactions and conspiracy stemming from an elaborate scheme to defraud a number of different insurance companies. Discovery has encompassed approximately one million documents as well as pretrial depositions of elderly witnesses located across the country. In this unusual context, a delay of twenty-six months does not weigh strongly in favor of the defendant.

Turning to the next factor -- the reason for the delay -- the Supreme Court has instructed that "different weights should be assigned to different reasons." Barker, 407 U.S. at 531. "A deliberate attempt to delay the trial" weighs heavily in defendant's favor, while "a valid reason . . . should serve to justify appropriate delay." Id. In between these two extremes, a "neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered." Id.

Here, "the delay in bringing the case to trial resulted primarily from the practical difficulties occasioned by the complexities of the case and not from congestion of the calendar

or bad faith or neglect on the part of the government." Cain, 671 F.3d at 297. The parties agree that this case is complex. The indictment charges a scheme to defraud involving numerous persons and entities. The discovery provided by the Government includes approximately one million documents. Defendant relied on these aspects of the case when seeking two lengthy continuances that extended the trial date from March 2014 to October 2015. The remaining delay, even if attributable to the Government, is the result of "practical difficulties," such as arranging out-of-state depositions of elderly witnesses. Given the nature, scope, and complexity of the charges, the voluminous discovery, and the practical difficulties presented by the case, the second factor does not weigh in favor of the defendant.

The next factor to consider is the defendant's assertion of his right to a speedy trial. "In practice, a defendant's demand for or failure to demand a speedy trial tends not to influence the analysis strongly except at the extremes." United States v. Ghailani, 751 F. Supp. 2d 515, 529 (S.D.N.Y. 2010), aff'd, 733 F.3d 29 (2d Cir. 2013). "[C]ourts have tended to discount a defendant's belated demand for a speedy trial if convinced that it was opportunistic," while "early and frequent demands by a defendant for a speedy trial have proved significant if they have been ignored by the prosecution." Id.

Here, the defendant first broached the issue of his speedy

7

trial rights in a motion for reconsideration of this Court's order extending the trial date from October 2015 to February 9, 2016. Prior to that time he requested or joined in requests for lengthy continuances and filed speedy trial waivers. The motion for reconsideration -- which did not seek to dismiss the superceding indictment -- was filed on October 14, 2015, approximately twenty-two months after the defendant was indicted. In view of this history, the defendant's belated attempt to invoke his right to a speedy trial through his motion for reconsideration is properly discounted. See United States v. Vasquez, 918 F.2d 329, 338 (2d Cir. 1990) ("[B]oth defendants waited roughly [twenty-two] months before advancing their speedy trial claims, and this hardly renders plausible their contention that an expeditious resolution of their cases was a matter of pressing constitutional importance for them."); United States v. Stevens, No. 04-CR-222S, 2009 WL 2381897, at *8 (W.D.N.Y. Aug. 3, 2009) (holding that this third factor weighed against the defendant "because she first raised the issue of her speedy trial rights . . . approximately three and one-half years after Indictment").

Finally, on the issue of prejudice, the Court considers the interests the speedy trial right protects -- "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that

8

the defense will be impaired." Barker, 407 U.S. at 532. "Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." Id. For this reason, the Second Circuit "generally require[s] a showing of some significant trial-related disadvantage in order to establish a speedy-trial violation." Cain, 671 F.3d at 297.

In his motion to dismiss, the defendant focuses primarily on the first and second interests. He argues that this prosecution has caused him to lose business opportunities and physical freedom, and that his family has suffered "the personal pain of watching their loved one suffer while incarcerated." Mot. to Dismiss (ECF No. 170) at 8. However, these hardships are not attributable to this case. They are due to the defendant's service of a sentence of imprisonment imposed by the District of Massachusetts in another fraud case.

The defendant does not argue that his ability to present a defense has been impaired. In fact, he sought and obtained lengthy continuances in order to adequately prepare. That the delay has also benefitted the Government is of no moment. See United States v. Abad, 514 F.3d 271, 275 (2d Cir. 2008) ("[P]rejudice is concerned with impediments to the ability of the defense to make its own case (e.g., if defense witnesses are made unavailable due to the government's delay); the opportunity for

9

the prosecution to prepare for trial does not, on its own, amount to prejudice to the defense.").

III. Conclusion

For the reasons stated, the defendant's right to a speedy trial has not been violated and, accordingly, his motion to dismiss has been denied.

Signed this 21st day of March 2016.

/s/ RNC
Robert N. Chatigny
United States District Judge