

EXHIBIT

A



**United States Department of Justice**

*United States Attorney*
*District of Connecticut*

---

| | |
|---|---|
| *Connecticut Financial Center* | *(203) 821-3700* |
| *157 Church Street, 25th Floor* | *Fax (203) 773-5376* |
| *New Haven, Connecticut  06510* | *www.justice.gov/usao/ct* |

May 29, 2014

Richard R. Brown
Brown, Paindiris & Scott
100 Pearl Street
Hartford, CT 06103

> Re:   <u>United States v. Daniel E. Carpenter</u>
>       Criminal No. 3:13CR226(RNC)

Dear Attorney Brown:

This letter supplements the earlier letter of January 30, 2014 concerning disclsoures made in compliance with Section (A) of the Court's Standing Order on Discovery in Criminal Cases. The text of that earlier letter is incorporated by reference here.

On January 30, 2014, the Government provided you with a set of text-searchable files to be loaded into a database, hosted by Halloran and Sage LLP ("Halloran"), that you may review (the "January 30 database files"). The accompanying letter included an index identifying the Bates ranges and sources of the January 30 database files. Since that time, the Government has been working with technical personnel at Halloran in order to facilitate the loading of the January 30 database files. On May 20, 2014, at Halloran's request, the Government sent a new copy of the January 30 database files to the offices of Halloran, with certain technical modifications requested by Halloran personnel. In doing so, the Government added discovery materials that had not been a part of the initial disclosure and had not been identified in the first letter. As you are aware, and as you have approved, the Government continues to process discovery into text searchable formats for the convenience of the parties and to produce them on a rolling basis.

This letter is therefore intended to memorialize the additional discovery materials discussed above, sent on May 20, 2014, that were not included among the January 30 database files. Attached to this letter is an index of those files. This index supplements the index provided with the January 30 letter, and together the two indices identify all of the files on the drive provided on May 20, 2014.

The January 30 letter provided certain explanatory notes related to the database file index, which apply to the attached index as well. In addition, the index provided with this letter

includes certain files identified as "potentially privileged." That designation is according to the definition of the term in the earlier Filter Team Orders that preceded the Rule 502 Agreement to which your client has agreed, and is in no way a concession by the Government that such files are privileged. The "potentially privileged" label relates only to material that was identified as such prior to the 502 Agreement, either through your designation or through the operation of computer searches under the Filter Team Order.

As was explained in the January 30, 2014, discovery letter, in providing the enclosed discovery, the United States in no way concedes that you are entitled to have them. They are provided in the spirit of cooperative discovery, in an effort to avoid needless motion practice. The reports and other documents are being provided to you subject to a confidentiality/ nondisclosure agreement. The gist of the agreement is that you will not let the reports or documents out of your possession and you will not show them to anyone other than your client and other necessary personnel in your office. Copies of the reports and documents should not be given to anyone including your client. The reports and other documents are to be returned to me at the conclusion of the case. Please confirm, by signing below, that the terms of this arrangement are acceptable to you. If, as the course of trial preparation goes on, you wish to provide copies of certain material to your client, please let me know, and I will attempt to work out an appropriate arrangement with you.

Please note that there are a number of documents in the discovery that contain protected personal information, including social security numbers, dates of birth, addresses, phone numbers, medical information, etc. I trust that you will guard this material appropriately, and will not disclose any of the protected personal information publicly, including through a court filing, or provide it to any third parties. To the extent that you and I agree to permit your client to have copies of any of the discovery, I will require you to redact such protected personal information.

I will promptly notify you if I learn of any new material covered by the Standing Order, and will provide additional discovery on a rolling basis. If you have any questions or comments concerning the discovery outlined herein, please call me as soon as possible.

Very truly yours,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

DAVID E. NOVICK
ASSISTANT UNITED STATES ATTORNEY

I acknowledge receipt of the package of discovery materials summarized by this letter and its attachments and indices, and I agree with the terms and conditions set forth above.  I waive my right to meet with the Assistant United States Attorney to receive this letter directly.

_____                    5-30-14
Richard R. Brown, Esq.                                                    Date
Attorney for Daniel E. Carpenter

Appendix 1: Index of New Discovery