UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 3:13CR226 (RNC) |
| | : | |
| v. | : | |
| | : | |
| DANIEL CARPENTER | : | August 14, 2017 |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO RECONSIDER AND VACATE
THE COURT'S JUNE 6, 2016 DECISION AND FINDINGS OF FACT**

The Government files this memorandum in opposition to defendant Daniel Carpenter's motion to reconsider and vacate the Court's verdict ("Def.'s Mot.") and his accompanying memorandum of law ("Def.'s Mem."). Docs. 247, 248. Carpenter brings his motion pursuant to Rule 60 of the Federal Rules of *Civil* Procedure. Carpenter's case, however, is a criminal case. The Federal Rules of Civil Procedure have no applicability to criminal cases. Criminal cases are governed by the Federal Rules of *Criminal* Procedure, which has no rule authorizing motions to reconsider. As such, Carpenter's motion is not properly before the Court and should be dismissed.

Although the District of Connecticut's Local Rules of Criminal Procedure provide a mechanism for a party to move to reconsider a ruling in a criminal case, the deadline for filing such a motion is 7 days. Carpenter failed to meet that deadline. Accordingly, Carpenter's motion is not only procedurally improper, is it also untimely.

Finally, even if the Court were to consider Carpenter's untimely motion, he has not satisfied the strict standard for reconsideration. He cannot point to a change in controlling law. He fails to point to newly discovered evidence. The evidence he claims is newly discovered is actually evidence to which his attorneys had access before trial, and therefore does not meet the definition of newly discovered evidence. Finally, he has failed to show clear error or manifest injustice.

Accordingly, Carpenter's motion should be dismissed, or alternatively, denied.

I. **The Federal Rules of Civil Procedure are not applicable to Carpenter's case.**

Carpenter's motion to reconsider and vacate the verdict, which he brings pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, is procedurally improper. Every circuit court has uniformly held that the Federal Rules of Civil Procedure, and Rule 60(b) in particular, have no applicability in a criminal case and cannot be used to vacate a criminal conviction. *See United States v. Pope*, 124 F. App'x 680, 682 (2d Cir. 2005) ("[Rule 60(b)] motion is not an appropriate vehicle for defendant's attempt to vacate his criminal conviction because the Federal Rules of Civil Procedure govern suits of a civil nature." (internal quotations and citation omitted)); *Negron v. United States*, 164 F. App'x 158, 158–59 (2d Cir. 2006) ("Federal Rules of Civil Procedure govern the procedure in the United States district courts in all suits of a *civil* nature . . . Thus, Rule 60(b) cannot afford [defendant] relief from his judgment of conviction in a criminal case." (internal quotations and citation omitted) (emphasis in original); *Harris v. United States*, 367 F.3d 74, 80 (2d Cir. 2004) (holding that a Rule 60 motion cannot be used to attack the integrity of a criminal trial); *United States v. Jenkins*, 90 F. Supp. 3d 76, 80 (N.D.N.Y. 2015) (holding that "[d]efendant's request for civil relief as part of this criminal proceeding is not proper." (internal quotations omitted)); *United States v. Salvagno*, No. 5:02-CR-0051 LEK, 2008 WL 5340995, at *3 (N.D.N.Y. Dec. 19, 2008) ("Rule 60(b) is not an appropriate vehicle for a defendant to seek to vacate a criminal conviction."); *United States v. Porter*, No. 03–CR–0129 (CPS), 2008 WL 64668, at *1 (E.D.N.Y. Jan.3, 2008) ("Rule 60(b)(6) only applies to civil judgments and is not a procedural vehicle available to defendants seeking direct relief from criminal convictions."); *see also Enwonwu v. United States*, 199 Fed. App'x 6, 6 n.2 (1st Cir. 2006) (holding that Rule 60(b) is not applicable to criminal cases); *United States v. Wallace*, 82 F. App'x 701, 701 (1st Cir. 2003)

(same); *United States v. Knight*, 315 F. App'x 435, 437 (3d Cir. 2009) (same); *United States v. Rojas*, 343 F. App'x 748, 748 (3d Cir. 2009) (same); *United States v. Gross*, 71 F. App'x 270, 271 (4th Cir. 2003) (same); *United States v. Tossie*, 18 F. App'x 71, 71 (4th Cir. 2001) (same); *United States v. McDorman*, 305 F. App'x 187, 189 (5th Cir. 2008); *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir.1999) (same); *United States v. Whitaker*, 482 F. App'x 991, 992 (6th Cir. 2012) (same); *United States v. Gibson*, 424 F. App'x 461, 464 (6th Cir. 2011) (same); *United States v. Ramsey*, 106 F.3d 404 (table decision), 1997 WL 14152, *1 (7th Cir.1997) (same); *United States v. Erinle*, 53 F.3d 334 (table decision), 1995 WL 258106, *2 (7th Cir. 1995) (same); *United States v. Eggleston*, 24 F. App'x 656, 656 (8th Cir. 2002) (same); *United States v. Barbee*, 286 F. App'x 521, 521 (9th Cir. 2008) (same); *United States v. Dickinson,* 107 F.3d 17 (table decision), 1997 WL 51440, *1 (9th Cir. 1997) (same); *United States v. Graham*, 248 F. App'x 929, 931 (10th Cir. 2007) (same); *United States v. Bennett*, 131 F.3d 152 (table decision), 1997 WL 748663, *1 (10th Cir. 1997) (same); *United States v. Ford*, 677 F. App'x 628, 628 (11th Cir. 2017) (same); *United States v. Rivas*, 373 F. App'x 6, 6 (11th Cir. 2010) (same); *United States v. Arrington*, 763 F.3d 17, 22 (D.C. Cir. 2014) (same).

Accordingly, Carpenter's motion should be summarily dismissed on that basis alone.

**II.** <u>**Carpenter's Motion is Untimely under the Local Criminal Rules.**</u>

Unlike the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure do not expressly provide for reconsideration. Nonetheless, the District of Connecticut's Local Rules of Criminal Procedure do contemplate the use of motions for reconsideration in criminal cases. *See* D. Conn. L. Crim. R. 1(c) ("The following Local Civil Rules shall apply in criminal proceedings: . . . 7(c) (Motions for Reconsideration).").

However, even if the Court construes Carpenter's motion as a motion for reconsideration under the Local Rules of Criminal Procedure, his motion is untimely.  Under the Local Rules of Criminal Procedure, a party must file a motion for reconsideration within seven days of the ruling of which the party seeks reconsideration.  *See* D. Conn. L. Crim. R. 1(c) (incorporating D. Conn. L. Civ. R. 7(c) regarding motions for reconsideration)."); D. Conn. Local Civ. R. 7(b)(2) ("[Motions for Reconsideration] shall be filed and served within seven (7) days of the filing of the decision or order from which such relief is sought[.]").

Failure to timely file a motion for reconsideration is by itself a sufficient grounds to deny the motion.  *See, e.g., Palmer v.. Sena*, 474 F.Supp.2d 353, 355 (D. Conn. 2007) ("A failure to timely file a motion for reconsideration may constitute sufficient grounds for denying the motion[.]"); *Lopez v. Smiley,* 375 F.Supp.2d 19, 21 (D. Conn. 2005) ("Ordinarily, a failure to timely file a motion for reconsideration constitutes sufficient grounds for denying the motion."); *see also Brown v. Tuttle*, No. 3:13-CV-1444 VAB, 2015 WL 4546092, at *1 (D. Conn. July 28, 2015) (citing *Davis v. U.S. Dep't of Homeland Sec.*, No. 11–CV–203(ARR)(VMS), 2013 WL 6145749, at *1 (E.D.N.Y. Nov. 20, 2013) ("[a] party's failure to make a motion for reconsideration in a timely manner is by itself a sufficient basis for denial of the motion.") (citations and internal quotation marks omitted)).  Indeed, "[t]he courts of this District have frequently enforced Local Rule 7(c) to deny . . . untimely motions for reconsideration." *Jackson v. Post Univ., Inc.*, No. 3:08-CV-1810 CSH, 2012 WL 1189075, at *3 (D. Conn. Apr. 9, 2012); *see, e.g., United States v. Bohannon*, No. 3:13-CR-229 (JCH), 2017 WL 1134380, at *2-3 (D. Conn. Mar. 27, 2017) (denying defendant's motion to reconsider suppression ruling because it was untimely); *United States v. Durrani*, No. 5:86-CR-59 (SRU), 2017 WL 3300531, at *4 (D. Conn. Aug. 2, 2017)

4

("Because the instant request for reconsideration was filed nearly a year after my order, it is untimely under the Local Rules and will not be considered as a motion for reconsideration.").

Here, the Court issued its verdict on June 6, 2016.  Carpenter did not file his request for reconsideration until June 5, 2017—almost one year later.  *See* Def.'s Mot. at 1.  Accordingly, under the Local Rules, his motion is untimely and should be denied.

While a party may file a motion for extension of time for good cause, Carpenter did not file such a motion here.  *See* D. Conn. L. Crim. R. 1(c) ("The following Local Civil Rules shall apply in criminal proceedings: . . . 7(b) (Motions for Extension of Time)"); D. Conn. L. Civ. R. 7(b)(2) (allowing court to extend time but noting that such motions "will not be granted except for good cause").  Although Carpenter moved to extend the deadlines for his post-trial motions, he only sought an extension for filing Rule 29 and 33 motions.  *See* Docs. 215, 219, 221, 225.  He did not seek an extension for filing any motions for reconsideration.  Even if his prior extension requests had covered motions for reconsideration, the deadline for filing was March 15, 2017, and the Court expressly stated that "[f]urther extensions of these deadlines will not be granted." Doc. 226.

Moreover, were the Court to further construe his motion for reconsideration to include a motion for extension of time, he has still failed to establish good cause for the delay.  *See Collins v. Blumenthal*, 581 F.Supp.2d 289, 291 (D. Conn. 2008) ("Even if [the] motion for reconsideration were construed to include, *sub silentio*, a motion for extension of time, no 'good cause' for [the] delay has been offered as required" (quoting D. Conn. L. Civ. R. 7(b)(2)).  Carpenter argues that his motion for reconsideration is based on newly discovered evidence that he and his attorneys could not have discovered in time for trial.  *See* Def.'s Mem. at 1-2. But his claims of newly

5

discovered evidence are without merit and do not demonstrate good cause for his untimely filing.

First, the purported newly discovered evidence that Carpenter claims to have uncovered is not new evidence at all. Rather is it evidence he discovered from his review of the discovery that the Government provided to Carpenter's attorneys well before trial.[1] Carpenter claims this is newly discovered evidence because, he claims, he only recently was able to review these materials due to his release from prison.[2] *See* Def.'s Mem. at 1-2. However, as the Government has made clear in a number of pleadings in response to Carpenter's ceaseless motions, the Government began producing all of the discovery, in a searchable database, shortly after Carpenter was arraigned on the original indictment in January 2014. *See* Doc. 270 at 2-4 (describing Government's discovery efforts). That Carpenter could not view this discovery as freely as he would have liked due to his incarceration on a separate fraud conviction in another district was not the fault of the Government. The Government turned the discovery over to the defense as it was obligated to do. *Id.* In fact, the Government agreed that Carpenter's counsel could send Carpenter copies of materials to USP Canaan for Carpenter to review, provided that any PII was redacted. *Id.* at 3.

---

[1] To the extent Carpenter claims the Government violated the *Jencks* Act by not providing the documents to him before trial, *see* Def.'s Mem. at 2, his claim is without merit. First, as discussed, the material was turned over before trial. Second, the *Jencks* Act provides that *Jencks* material is not subject to disclosure until after a witness has testified at trial. *See* 18 U.S.C. § 3500 (codifying the Jencks Act).

[2] Carpenter's claim that he just received this information pursuant to signing a Confidentiality Agreement with the Government is incorrect. As the Government explained in its memorandum in opposition to Carpenter's recent motion to copy the discovery onto a laptop in his home, Carpenter always had the ability to view the discovery. *See* Doc. 270 at 2-4. While he was in prison, his attorneys could have brought or sent materials to him. *Id.* at 3. After his release from prison, he could have gone to his counsel's office to view the materials. *Id*. at 3-4. All that the Confidentiality Agreement did was provide a way for Carpenter to remotely access the discovery database from his home so he would not have to travel to his attorney's office to view the material. *See id.,* Ex. C ¶ 1 (copy of Confidentiality Agreement). Indeed, in the Confidentiality Agreement, Carpenter expressly acknowledged "I can view the discovery material at the offices of Attorney Brown." *See id.,* Ex. C at 1.

More importantly—and fatal to Carpenter's argument—there is no dispute that Carpenter's counsel had access to the searchable discovery database prior to trial. Therefore, regardless of whether Carpenter personally was aware of the material before trial, none of that material meets the definition of newly discovered evidence. *See, e.g., Hector v. Greiner*, No. 99 CV 7863 FB, 2000 WL 1240010, at *1 (E.D.N.Y. Aug. 29, 2000) ("Newly discovered evidence is, by definition, incapable of discovery through counsel's due diligence before or during trial. Evidence in existence at an earlier date, though perhaps unknown to a petitioner, cannot later be described as newly discovered." (internal citations omitted)); *Roman v. United States,* No. 09–CV–7942 (GEL), 2010 WL 3825738, at *2 (S.D.N.Y. Sept. 29, 2010) (holding that evidence that had been previously provided to defense counsel was "not new evidence in any sense of the word"); *see also United States v. Osorio-Pena*, 247 F.3d 14, 18-19 (1st Cir. 2001) (holding that "newly discovered evidence" refers to information unavailable to defense counsel, not defendant's personal awareness of information); *United States v. Moore*, 572 F. App'x 214, 215 (4th Cir. 2014) (holding that evidence is not "newly discovered" if defense counsel had access to the material); *United States v. Okun*, No. 3:08CR132, 2015 WL 1402142, at *5 (E.D. Va. Mar. 25, 2015) ("To the extent that [defendant] argues that, even though the records were available to his counsel, he did not personally review these records until after his trial, that fails to make the evidence newly discovered), *aff'd*, 610 F. App'x 272 (4th Cir. 2015); *United States v. Gonzalez*, 319 F.3d 291, 297 (7th Cir. 2003) (holding no *Brady* violation where defense counsel could have discovered the "new" information by carefully inspecting the evidence); *United States v. Sypher*, No. 3:09-CR-00085, 2011 WL 579156, at *2 (W.D. Ky. Feb. 9, 2011) (holding that evidence is not newly discovered if it was available to the defendant's trial counsel prior to and during the trial), *aff'd*,

684 F.3d 622 (6th Cir. 2012).

Although Carpenter attaches ten exhibits to his motion, none of those exhibits constitute newly discovered evidence. Exhibits Two, Four, Five, Six are witness interview reports,[3] which the Government produced to the defense prior to trial. *See* Ex. A at 9-11 (Jan. 30, 2014 discovery letter and index to Carpenter's counsel, listing reports of interview produced that day); Ex. B at 5 (Jun. 20, 2014 discovery letter and index to Carpenter's counsel, listing reports of interview produced that day). Similarly, exhibits Eight and Nine were exhibits used at trial. *See* Gov't Trial Ex. 1306 (copy of document attached to Carpenter's motion as Exhibit Nine); Gov't Trial Ex. 1327 (containing copy of document Carpenter's motion as Exhibit Eight). Thus, for the reasons discussed above, they do not constitute new evidence.

Exhibit Three contains the testimony from Bruce Mactas during an arbitration hearing involving Universitas, which Carpenter addressed in his Rule 33 motion and claimed was *Brady* material that he did not know about until after trial. As the Government explained in its opposition to Carpenter's Rule 33 motion, Mactas' testimony was included in the discovery that the Government produced to the defense prior to trial. *See* Doc. 263 at 11. As such, it is not new evidence.

Exhibits One and Ten are publicly available court documents available on PACER. Thus, they could have been obtained through counsel's reasonable diligence and therefore, cannot constitute new evidence. *See, e.g., Kopperl v. Bain*, No. 3:09-CV-01754 (CSH), 2016 WL 310719, at *4 (D. Conn. Jan. 26, 2016) (holding that publicly available lawsuit and pleadings cannot be

---

[3] Carpenter incorrectly refers to these as FBI 302 reports. The FBI had no involvement in the investigation of this case. This case was investigated by the U.S. Department of Labor. The reports are property titled U.S. Department of Labor - Office of Inspector General "Reports of Interview."

considered newly discovered evidence); *In re SCOR Holding (Switzerland) AG Litig.*, 537 F. Supp. 2d 556, 573 (S.D.N.Y. 2008) (holding that evidence was not new evidence because it was publicly available information); *Merrill Lynch, Pierce, Fenner & Smith v. Young*, 1997 WL 163454, *1 (S.D.N.Y. April 4, 1997) (holding evidence was not newly discovered for purposes of a motion for reconsideration where "the evidence upon which plaintiffs now rely was ... publicly available."); *Bourne Co. v. Walt Disney Co., No. 91 Civ. 0344*, 1994 WL 263482, at * 1 (S.D.N.Y. June 10, 1994) (holding that evidence contained in public records cannot be considered newly discovered), *aff'd*, 68 F.3d 621 (2d Cir. 1995); *see also Scutieri v. Paige*, 808 F.2d 785, 794 (11th Cir. 1987) ("Evidence that is contained in the public records at the time of trial cannot be considered newly discovered evidence").

Finally, Exhibit Seven is a letter, dated June 9, 2016, from the United States Attorney's Office for the District of Wisconsin informing him that it was declining criminal prosecution and closing its investigation. Although this letter was not available before trial, the letter was issued on June 9, 2016, almost a year before he filed his motion for reconsideration. Having waited a year, he cannot demonstrate good cause to move for reconsideration at this late date. In any event, Carpenter fails to explain how this letter has any bearing on his criminal prosecution in this case.

Accordingly, Carpenter cannot demonstrate good cause for failing to file his motion to reconsider within seven days of the Court's decision, as required under the Local Rules. As such, his motion should be denied.

### III.     Carpenter Has Failed To Meet the Strict Standard for Reconsideration.

Even if the court were to consider Carpenter's motion under the inapplicable Federal Rules of Civil Procedure or overlook the untimeliness of his motion under the Local Rules, Carpenter has failed to provide a valid basis for reconsideration. "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see United States v. Lucarelli*, 490 F.Supp.2d 295, 296–97 (D. Conn. 2007) ("Because no rule of criminal procedure addresses motions for reconsideration, courts typically adopt the standards applied to such motions in civil cases ." (quotation marks and citation omitted)). Indeed, this strict standard is expressly incorporated into the Local Rules. *See* D. Conn. L. Civ. R. 7(c) ("Motions for reconsideration . . . shall satisfy the strict standard applicable to such motions [and] will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order."); D. Conn. L. Crim. R. 1(c) (incorporating Local Civil Rule 7(c)). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Natl Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18B C. Wright, A. Miller, & E. Cooper, Federal Practice & Procedure § 4478). If "the moving party seeks solely to relitigate an issue already decided," the court should deny the motion for reconsideration and adhere to its prior decision. *Shrader*, 70 F.3d at 257.

Applying these standards here, Carpenter has failed to provide a valid basis for reconsideration. First, he points to no change in controlling law. Although he argues that the

Court misapplied Second Circuit law and points to the Second Circuit's recent decisions in *United States v. Finazzo*, 850 F.3d 94 (2d Cir. 2017) and *United States ex rel Edward O'Donnell v. Countrywide Home Loans, Inc.*, 822 F.3d 650 (2d Cir. 2016), *see* Def.'s Mem at 26-33, Carpenter merely repeats the arguments he made in his Rule 29 motion for acquittal. The Government thoroughly responded to these arguments at length in its memorandum in opposition to his Rule 29 motion and incorporates that memorandum here. Doc. 262 at 16-18.

Second, as discussed above, Carpenter has failed to point to any newly discovered evidence. The evidence he points to in his motion is evidence that his attorney already had in his possession or had access to.

Finally, Carpenter fails to show a clear error or manifest injustice. He spends most of his brief disputing the Court's findings as to the various exhibits and testimony introduced at trial. Most of these arguments are the same as the arguments he made in his Rule 29 motion. Rather than responding to the same arguments again, the Government incorporates its memorandum in opposition to Carpenter's Rule 29 motion. *See* Doc. 262 at 3-36.

In addition, Carpenter accuses the Government of committing a *Brady*, *Giglio*, and *Jencks* violation for failing to turn over a copy of a lawsuit filed on February 17, 2016 in this district. As an initial matter, the Government did not have a copy of the underlying lawsuit, and only learned of it when Carpenter brought it to the Government's attention in his motion. It is well-settled that the Government is not required to disclose information that it is not aware of or does not possess. Carpenter fails to offer any evidence that the Government was aware of this lawsuit or had possession of the lawsuit in its files. More importantly, even if the Government was aware of this lawsuit, "*Brady* cannot be violated . . . if the documents are part of public records and 'defense

11

counsel should know of them and fails to obtain them because of lack of diligence in his own investigation.'" *United States v. Zagari*, 111 F.3d 307, 320 (2d Cir. 1997) (citations omitted)).

Carpenter also accuses the Government of engaging in professional misconduct for introducing evidence at trial that he claims was unlawfully seized during the searches at 100 Grist Mill Road. Def.'s Mem. at 1. However, the Court previously denied Carpenter's motion to suppress and held the seizures were lawful. Doc. 155. Thus, there is nothing improper about using evidence from a search the Court held was lawful.

Finally, Carpenter accuses the Government of misrepresenting to the Court what the emails and documents introduced at trial actually stated, stood for, and represented. Def.'s Mem. at 1, 6-9. Carpenter claims he "can dispute each and every email introduced and misrepresented by the Government at trial." *Id*. at 8. The fact is that Carpenter had that opportunity at trial. His attorneys vigorously cross-examined the Government's witnesses. And Carpenter himself testified over the course of three days and attempted to dispute or discredit the various exhibits and testimony the Government presented in its case in chief. The Court, however, found that Carpenter's explanations were not credible. *See* Verdict at 30 n.17, 40 n.23, 64.

The Court should see Carpenter's motion for what it is, an improper attempt to get a second bite at the apple. *Shrader*, 70 F.3d at 257 (stating that if "the moving party seeks solely to relitigate an issue already decided," the court should deny the motion for reconsideration and adhere to its prior decision).

Accordingly, the Court should deny Carpenter's motion because he has failed to meet the strict standard for reconsideration.

## **CONCLUSION**

For the forgoing reasons, the Government respectfully requests that the Court deny the defendant's motion because it is procedurally improper and untimely. The Court should alternatively deny the motion because he fails to meet the standard for reconsideration.

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

*/s/ David E. Novick*

DAVID E. NOVICK
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv02874
157 Church Street, 25th Floor
New Haven, CT 06510
Tel: 203-821-3700
Email: David.Novick@usdoj.gov


*/s/ Neeraj N. Patel*

NEERAJ N. PATEL
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT 06510
Tel: 203-821-3700
Email: Neeraj.Patel@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2017, a copy of the foregoing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Neeraj N. Patel*

Neeraj N. Patel
Assistant United States Attorney