UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.  3:13CR226 (RNC) |
| | : | |
| v. | : | |
| | : | |
| DANIEL CARPENTER | : | September 12, 2017 |

**CORRECTION TO GOVERNMENT'S MEMORANDUM
IN OPPOSITION TO DEFENDANT'S MOTION FOR
RECONSIDERATION OF THE COURT'S SUPPRESSION RULING**

The Government respectfully submits this brief memorandum to correct a typographical error in its memorandum in opposition to the defendant's motion for reconsideration[1] of the Court's suppression ruling ("Gov't's Opp'n Mem."). Doc. 285. In footnote 5 of its opposition memorandum, the Government included a citation to the case *Carpenter v. Koskinen*, Case No. 3:13-cv-00563 (SRU) (D. Conn.) with a parenthetical that included a quotation from Carpenter's deposition testimony in that case. Gov't's Opp'n Mem. at 13 n.5. The final word of the quotation should be "resealed" instead of "released." Thus, the correct citation and parenthetical in footnote 5 should read as follows:

> *Carpenter v. Koskinen*, Case No. 3:13-cv-00563 (SRU) (D. Conn.), Doc. 129-6 at 75 (Deposition of Daniel Carpenter, where Carpenter testified "I was fighting to get the [2010] search warrant affidavit unsealed. As soon as we got it unsealed, we did a motion to seal it again, to reseal it, and the government fought us on that motion. Judge Covello ordered the search warrant affidavit to be resealed.").

The Government apologizes for this inadvertent typographical error.

---

[1] The Government notes that Carpenter's pending motion for reconsideration is effectively his second motion for reconsideration of the Court's suppression ruling. As the Court may recall, during the trial, Carpenter filed a memorandum styled "Defendant's Motion in Limine to Preclude Testimony of Special Agent Lynn Allen and to Exclude All Documents and Materials Obtained in the Raid of April 20, 2010." Doc. 186. The Court denied the motion, finding that Carpenter "appear[ed] to be seeking reconsideration as a practical matter" and was asking the Court "to revisit matters that [the Court] addressed on the motions to suppress[.]" Trial Tr. 2234. Thus, Carpenter's current motion for reconsideration is essentially his third attempt to litigate the suppression issue.

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

/s/ David E. Novick

_____

DAVID E. NOVICK
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv02874
157 Church Street, 25th Floor
New Haven, CT 06510
Tel: 203-821-3700
Email: David.Novick@usdoj.gov


/s/ Neeraj N. Patel

_____

NEERAJ N. PATEL
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT 06510
Tel: 203-821-3700
Email: Neeraj.Patel@usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2017, a copy of the foregoing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


/s/ Neeraj N. Patel

_____

Neeraj N. Patel
Assistant United States Attorney

2