## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 3:13CR226(RNC) |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL E. CARPENTER | ) | |
| | ) | NOVEMBER 13, 2017 |

### MR. CARPENTER'S MOTION FOR RECONSIDERATION
### OF THE COURT'S DENIAL OF MR. CARPENTER'S
### MOTION FOR PERSONAL ACCESS AND RETENTION
### OF THE DISCOVERY IN THIS CASE

**PRELIMINARY STATEMENT**

Mr. Carpenter respectfully asks this Court to reconsider its ruling of November 6, 2017, denying Mr. Carpenter's Motion for Personal Access and Retention of the evidence used against him in this trial in 2016 (Doc. 258), because his lack of access was detrimental not only in his ability to present his best case at trial and defend himself to the best of his abilities, but the exculpatory *Brady-Giglio-Bagley* and *Jencks* information that was only recently revealed by happenstance in another matter would have clearly allowed for the impeachment of the government's witness Stefan Cherneski. Furthermore, this disclosure would have possibly resulted in the Court reaching a different outcome had the information been made available when the government knew of its existence six years prior to Mr. Carpenter's trial.

It is necessary that Mr. Carpenter be allowed personal access to review and retain documents that were piled on his counsel and stored at Halloran & Sage, because if Mr. Cherneski's *Jencks* Statement was only made available in late 2017, there can be little doubt that there is other exculpatory *Brady-Giglio-Bagley* evidence the government has not provided in order to secure its conviction in this case.

**ORAL ARGUMENT REQUESTED**

## I.     LEGAL STANDARD

Unlike the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure do not expressly provide for reconsideration. Nonetheless, the District of Connecticut's Local Rules of Criminal Procedure do contemplate the use of motions for reconsideration in criminal cases. *See* D. Conn. L. Crim. R. 1(c) ("The following Local Civil Rules shall apply in criminal proceedings: ... 7(c) (Motions for Reconsideration)."). The Local Criminal Rules in the District of Connecticut specifically provide for Motions for Reconsideration pursuant to Rule 7(c). "Because no rule of criminal procedure addresses motions for reconsideration, courts typically adopt the standards applied to such motions in civil cases....Reconsideration is appropriate only "if there has been an intervening change in controlling law, there is new evidence, or a need is shown to correct a clear error of law or to prevent manifest injustice." *United States v. Sanchez*, 35 F.3d 673, 677 (2d Cir. 1994)." *Lucarelli*, 490 F.Supp.2d at 296-97.

To not allow Mr. Carpenter full and unfettered access to all of the government's discovery as the accused in this case is not just a "manifest injustice," it violates the Sixth Amendment and the Due Process Clause of the Fifth Amendment.

## II.     THE COURT SHOULD RECONSIDER ITS NOVEMBER 6, 2017, DECISION IN THIS CASE AS THE GOVERNMENT CLEARLY VIOLATED ITS OBLIGATIONS UNDER THE GOVERNMENT'S "GENEROUS POLICY OF DISCOVERY" MANDATE

Just a few months ago in *Turner v. United States,* 137 S.Ct. 1855 (2017), both the majority and even the dissenters in the Supreme Court's opinion cited *Kyles v. Whitley*, 514 U.S. 419 (1995) for the *"Berger* standard," describing the government's obligation to "pursue justice" rather than convictions while restating the standard for a *Brady* claim:

> The Government does not contest petitioners' claim that the withheld evidence was "favorable to the accused, either because it is exculpatory, or because it is impeaching."

*Strickler v. Greene*, 527 U.S. 263, 281–82 (1999). Neither does the Government contest petitioners' claim that it "suppressed" the evidence, "either willfully or inadvertently." *Id.* at 282. It does, as it must, concede that the Brady rule's " 'overriding concern [is] with the justice of the finding of guilt,'" *United States v. Bagley*, 473 U.S. 667, 678 (1985) (*quoting United States v. Agurs*, 427 U.S. 97, 112 (1976)), and that the Government's "'interest ... in a criminal prosecution is not that it shall win a case, but that justice shall be done,'" *Kyles* at 439 (1995) (*quoting Berger v. United States*, 295 U.S. 78, 88 (1935)). Consistent with these principles, the Government assured the Court at oral argument that subsequent to petitioners' trial, it has adopted a "**generous policy of discovery**" in criminal cases under which it discloses any "information that a defendant might wish to use." Tr. of Oral Arg. 47–48. As we have recognized, and as the Government agrees, "[t]his is as it should be." *Kyles* at 439 (explaining that a "'prudent prosecutor['s]'" better course is to take care to disclose any evidence favorable to the defendant (*quoting Agurs* at 108)). *Turner* at 1893.

Petitioners and the Government, however, do contest the materiality of the undisclosed Brady information. "[E]vidence is 'material' within the meaning of Brady when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." *Cone v. Bell*, 556 U.S. 449, 469–70 (2009) (*citing Bagley* at 682). "A 'reasonable probability' of a different result" is one in which the suppressed evidence "'undermines confidence in the outcome of the trial.'" *Kyles* at 434 (*quoting Bagley* at 678). In other words, petitioners here are entitled to a new trial only if they "establis[h] the prejudice necessary to satisfy the 'materiality' inquiry." *Strickler* at 282. (emphasis added)

Pursuant to the Due Process Clause, the Government has certain "discovery obligations" and must disclose to the defense any material information in the Government's possession that is materially exculpatory or that may be used to impeach Government witnesses. *Bagley* at 676-77. In the context of interviews, the Government must disclose all material exculpatory information it learns, regardless of whether it reduces the statements to writing or takes written notes of the interview. *See United States v. Rodriguez*, 496 F.3d 221, 226 (2d Cir. 2007).

In assessing post-trial claims that the prosecution violated its *Brady* duties, it does not matter whether or not the prosecution acted willfully or inadvertently, *Strickler* at 281-82. Thus, the Court need not decide whether "non-disclosure was a deliberate tactical concealment, or resulted from the mismanagement of information, or from sloppy thinking about the evidentiary significance of the material." *Leka v. Portuondo*, 257 F.3d 89, 103 (2d Cir. 2001). Rather, what

matters is that evidence that should have been disclosed to the defense so that it could be effectively used at trial was not disclosed or identified to the defense, resulting in the defendant suffering prejudice. To show prejudice, a defendant need not prove he necessarily would have prevailed at trial had the information been disclosed. Rather, he need only show that there is a reasonable "**possibility of a different result.**" *Strickler* at 300 (explaining that this is the meaning of the traditional "reasonable probability" standard). *See Kyles* at 433-35 (A "showing of materiality does not require demonstration by a preponderance that disclosure of the suppressed evidence would have resulted ultimately in the defendant's acquittal." *citing Bagley* at 682).

This is all to say that the government failed to satisfy its discovery obligations and constitutional duties in this case by turning over what seemed like a million emails unlawfully taken in two clearly unreasonable and unconstitutional searches in 1,000 haystacks of data dumps on a law firm not even representing him (Halloran & Sage) in the hopes Mr. Carpenter could somehow find the "exculpatory" needles in each haystack. Under *United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987) and *United States v. Nachamie*, 91 F.Supp.2d 565 (2000), the courts held that "[t]he Government did not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided...."*Nachamie* at 571, *quoting Bortnovsky* at 575. "The government cannot hide *Brady* material as an exculpatory needle in a haystack of discovery materials." *United States v. Thomas*, 981 F.Supp.2d 229, 239 (S.D.N.Y. 2013), *citing United States v. Skilling*, 554 F.3d 529, 577 (5th Cir. 2009), *aff'd in part and vacated in part on other grounds*, 561 U.S. 358 (2010) (suggesting that *Brady* violations related to voluminous open file discovery depend on what the government does in addition to allowing access to a voluminous open file). *See, also, United States v. Hsia*, 24 F.Supp.2d 14, 29-30 (D.D.C. 1998) ([g]overnment cannot meet its *Brady* obligations by providing...600,000

documents and then claiming that [the defendant] should have been able to find the exculpatory information).

In this case, the millions of documents were not provided to Mr. Carpenter, but rather were so voluminous, they could not be housed at Brown, Paindiris, & Scott, so they had to be housed on the computers at Halloran & Sage. Mr. Carpenter has a constitutional right to all of the discovery in this case. The personal data of the Insureds that the government seeks to protect (see Doc. 270 at 1) is already in Mr. Carpenter's possession as all of the Insureds and their Employers contracted with Mr. Carpenter's company Grist Mill Capital, LLC. Therefore, the Court should not be swayed by the government's spurious defense of individuals who are not on trial here. Both the Court and the government have a constitutional duty to protect Mr. Carpenter's rights, not the personal identification numbers of people not on trial. Mr. Carpenter is the "accused" and the Court's previous rulings deny Mr. Carpenter of his constitutional rights.

The Court, with all due respect, should grant this Motion to Reconsider and allow Mr. Carpenter unfettered access to the discovery and evidence in this case as the government promised the Supreme Court in *Turner*.

Wherefore, it is so moved.

**Respectfully submitted,**
Defendant, Daniel Carpenter

By_____

Richard Brown, Esq.
Brown Paindiris & Scott, LLP
100 Pearl Street, 2nd Floor
Hartford, CT 06103
Tel 860.522.3343
Fax 860.522.2490
Fed Bar No. ct00009
rbrown@bpslawyers.com

**ORAL ARGUMENT REQUESTED**

5

## CERTIFICATION

This is to certify that on November 13, 2017, a copy of the foregoing Motion was served by email to all parties by operation of the Court's electronic filing system or by email on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

A.U.S.A. David Novick
Office of U.S. Attorney
157 Church Street, 25th Floor
New Haven, CT 06510

A.U.S.A. Neeraj Patel
Office of U.S. Attorney
157 Church Street, 25th Floor
New Haven, CT 06510

Richard Brown, Esq.
Brown Paindiris & Scott, LLP
100 Pearl Street, 2nd Floor
Hartford, CT 06103
Tel 860.522.3343
Fax 860.522.2490
Fed Bar No. ct00009